UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CLAIRE ALLISON,

                                                 Plaintiff,

                            –against–                                    14-cv-1618 (LAK)

CLOS-ETTE TOO, LLC, et al..

                                               Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This is an action for breach of an alleged employment contract or, alternatively, in quasi contract and for failure to pay plaintiff the minimum wage as required by law and for breach of an alleged contract to transfer equity in Clos-ette Too, LLC to plaintiff. Both sides move for summary judgment. In a report and recommendation dated, April 20, 2015 (the "R&R"), Magistrate Judge James C. Francis, IV, recommended that plaintiff's motion be denied and defendants' granted to the extent of dismissing the plaintiff's quasi-contract claim regarding equity but denying it in all other respects. Both sides objected to the R&R at least in some respects.

        Plaintiff objects to so much of the R&R as recommended denial of that part of her motion as sought summary judgment for her claims for payment of at least the minimum wage under the Fair Labor Standards Act and the New York Labor Law for the period November 30, 2012 until April 4, 2013, this on the premise that the defendants' admitted in the alleged equity agreement that plaintiff was an employee. The objection, however, is without merit both because plaintiff did not rely on that alleged admission in seeking summary judgment and because the characterization of plaintiff as an "employee" in the alleged equity agreement is ad "admission" only in the evidentiary sense that it is a statement by a party-opponent and therefore admissible against the author under Rule 801(d), not in the sense that it is a binding and conclusive concession of that point. It must be taken together with all other pertinent evidence on the point. In all the circumstances, there is clearly a genuine issue of material fact as to whether plaintiff was an employee during the relevant period.

        Defendants object to the R&R insofar as Magistrate Judge Francis concluded that there were genuine issues of material fact on most of plaintiff's claims for relief. Having considered the objections and plaintiff's response, the Court finds no error.

2

Accordingly, plaintiff's motion for summary judgment [DI 109] is denied in all respects.  Defendants' motion for summary judgment dismissing the complaint [DI 113] is granted to the extent that plaintiff's quasi-contract claim regarding equity is dismissed but denied in all other respects.

SO ORDERED.

Dated:        September 13, 2015

/s/   Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge